## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

AMANDA L. THRUSHMAN,

              **Plaintiff,**              **CIVIL ACTION NO. 17-cv-10292**

            **v.**                  **DISTRICT JUDGE THOMAS L. LUDINGTON**

COMMISSIONER OF             **MAGISTRATE JUDGE MONA K. MAJZOUB**
SOCIAL SECURITY,

              **Defendant.**
_____/

### REPORT AND RECOMMENDATION

Plaintiff Amanda L. Thrushman seeks judicial review of Defendant Commissioner of Social Security's determination that she is not entitled to social security benefits for her physical and mental impairments under 42 U.S.C. § 405(g).  (Docket no. 1.)  Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 18) and Defendant's Motion for Summary Judgment (docket no. 20).  The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  (Docket no. 4.)  The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

## I.    RECOMMENDATION

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 18) be **DENIED** and Defendant's Motion for Summary Judgment (docket no. 20) be **GRANTED**.

## II.  PROCEDURAL HISTORY

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on May 13, 2014, alleging that she has been disabled since March 1, 2012, due to severe migraines; the mobility of her neck; muscle pain; neck pain; body pain; difficulties lifting, sitting, and standing; Graves' disease; spinal stenosis; and anxiety.  (TR 76, 141-48, 170.)  The Social Security Administration denied Plaintiff's claims on September 4, 2014, and Plaintiff requested a *de novo* hearing.  (TR 64-76, 90.)  On December 3, 2015, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Lawrence E. Blatnik.  (TR 27-63.)  The ALJ subsequently issued an unfavorable decision on February 1, 2016, and the Appeals Council declined to review the ALJ's decision.  (TR 1-6, 13-22.)  Plaintiff then commenced this action for judicial review, and the parties filed cross motions for summary judgment, which are currently before the Court.

## III.  HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff (docket no. 18 at 6-12) and the ALJ (TR 18-20, 21) have set forth detailed, factual summaries of Plaintiff's medical record and the hearing testimony.  Defendant relies upon the ALJ's recitation of the record in her brief.  (Docket no. 20 at 4.)  Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record.  Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also make references and citations to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff did not engage in substantial gainful activity during the period from the alleged onset date of March 1, 2012 through the date last insured of June 30, 2014.  (TR 15.)  Next, the ALJ determined that Plaintiff suffered from the following severe impairments: degenerative disc disease of the cervical spine, fibromyalgia, Graves' disease/hyperthyroidism, and migraine headaches.  (TR 15-16.)  Additionally, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (TR 16-17.)  The ALJ then found that, through the date last insured, Plaintiff had the following residual functional capacity (RFC):

> Claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b).  Specifically, she could lift and carry 20 pounds occasionally and 10 pounds frequently.  The claimant could have sat for six hours, alternating to standing for three to five minutes after every 60 minutes of sitting. She could have stood or walked for six hours, alternating to sitting for three to five minutes after every 30 to 45 minutes of standing or walking.  She was able to frequently use hand controls or reach overhead with the right upper extremity, and frequently handle with the right hand.  She was able to occasionally crawl and climb ladders and scaffolds, and frequently stoop and crouch.  The claimant was required to avoid unprotected heights and moving mechanical parts, and was limited to occasional exposure to vibration.

(TR 17-20.)  Subsequently, in reliance on the vocational expert's (VE's) testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy.  (TR 20-21.)  Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from March 1, 2012, through the date last insured of June 30, 2014. (TR 13, 21-22.)

## V.  LAW AND ANALYSIS

### A.  Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.  Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.  It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").  "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where

4

the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B.      Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis.  In the first four steps, Plaintiff was required to show that:

(1)      Plaintiff was not presently engaged in substantial gainful employment; and

(2)      Plaintiff suffered from a severe impairment; and

(3)      the impairment met or was medically equal to a "listed impairment;" or

(4)      Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f).  If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work.  If not, Plaintiff would be deemed disabled.  *See id.* at § 404.1520(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Her*, 203 F.3d at 391.  To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs."  *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987).  This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'"  *Id.* (citations omitted).

C.      **Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)).  Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing.  42 U.S.C. § 405(g).  Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed and/or remanded under sentence four because (1) "[t]he ALJ failed to properly weigh the opinions of [P]laintiff['s] treating physician, Dr. Mika, and did not give good reasons for according those opinions controlling or even significant weight;" and (2) "[t]he ALJ's limitations as to sitting and standing do not comport with any medical opinion in this record, and instead demonstrate that the ALJ impermissibly 'played doctor' in establishing those limitations."  (Docket no. 18 at 13-22.)

1.      *The ALJ's Assessment of Plaintiff's Treating Physician's Opinion*

Plaintiff argues that the ALJ did not properly weigh the opinion of her treating physician, David Mika, D.O., and that the ALJ failed to provide good reasons for assigning Dr. Mika's opinion little weight, in violation of the treating physician rule.  (Docket no. 18 at 13-20.)  It is well settled that the opinions of treating physicians are generally accorded substantial deference.

In fact, the ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic evidence and it is not inconsistent with the other substantial evidence in the record.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  When an ALJ determines that a treating source's medical opinion is not controlling, he must determine how much weight to assign that opinion in light of several factors:  (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) specialization of the treating source; and (6) other factors.  20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).

There is no *per se* rule that requires an articulation of each of the six regulatory factors listed in 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).  *Norris v. Comm'r of Soc. Sec.*, No. 11-CV-11974, 2012 WL 3584664, at *5 (E.D. Mich. Aug. 20, 2012) (citing *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010)).  An ALJ's failure to discuss the requisite factors may constitute harmless error (1) if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it;" (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or (3) "where the Commissioner has met the goal of [§ 1527(c)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)).

The Commissioner requires its ALJs to "always give good reasons in [their] notice of determination or decision for the weight [they] give [a] treating source's opinion."  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the

weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (quoting Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at *5 (1996)).  The district court should not hesitate to remand when the Commissioner has failed to identify the weight assigned to a treating physician's opinion and provide good reasons for that weight.  *See Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) ("This Court has made clear that '[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.") (citing *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009)).

On January 15, 2015, Dr. Mika provided a written opinion regarding the functional limitations that Plaintiff has as a result of her diagnosis of cervical disc radiculopathy.  (TR 377.)  Dr. Mika opined that Plaintiff could work 2-4 hours per day, stand for 30 minutes, walk 5 blocks at a time, walk and stand for 2 hours during the workday, sit for 60 minutes at a time, and sit for 60 minutes in a workday.  He also opined that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently; occasionally bend, stoop, and balance; perform fine manipulation with her left hand constantly but only occasionally with her right hand; perform gross manipulation with both hands constantly; and occasionally raise her arms above shoulder level.  Dr. Mika further opined that Plaintiff suffers from moderate pain; that she requires a sit/stand option, which would interfere with her ability to work; and that if Plaintiff obtained a sedentary, low-stress job, she would be absent from work 2-3 days per month due to medical difficulties.  When later prompted by Plaintiff's attorney, Dr. Mika indicated that Plaintiff has been continuously disabled as described in his opinion letter since January 2, 2014.  (TR 401.)

The ALJ assessed Dr. Mika's opinion as follows:

> David Mika, D.O., one of the claimant's treating doctors, opined that the claimant could perform work at a less than sedentary exertional level requiring frequent position changes, and missing two to three days of work per month due to her impairments.  (9F).  The doctor further opined that the claimant has been continuously disabled since January 2, 2014.  (13F).  I give this opinion little weight, as the opinion is not consistent with the record as a whole which shows only mild to moderate degenerative disc disease of the cervical spine with intact sensation and moderate pain.   Further, Dr. Mika lacks Social Security Administration disability program knowledge.

(TR 19-20.)

Plaintiff argues that the reasons provided by the ALJ for discounting Dr. Mika's opinion are not good reasons.  (Docket no. 18 at 15.)  Specifically, Plaintiff argues that Dr. Mika's lack of knowledge of the Social Security Administration's (SSA's) disability program is irrelevant to Dr. Mika's establishment of medical limitations, because those limitations were based upon Dr. Mika's examinations and test findings, not legal principles.  (*Id*.)  Plaintiff is correct in this regard.   Nevertheless, as Plaintiff concedes, Dr. Mika's knowledge of the SSA's disability program, or lack thereof, is indeed relevant to Dr. Mika's conclusion that Plaintiff has been continuously disabled since January 2, 2014.  This is because the issue of whether a claimant meets the statutory definition of disability is a medical-vocational determination reserved for the Commissioner; it is not a determination that a treating physician is qualified to make.  20 C.F.R. § 404.1527(d); *Kidd v. Comm'r of Soc. Sec.*, 283 F. App'x 336, 340-41 (6th Cir. 2008); SSR 96-5p, 1996 WL 374183 (July 2, 1996).  Accordingly, Dr. Mika's lack of knowledge of the SSA's disability program is certainly a good reason to discount Dr. Mika's opinion that Plaintiff is disabled.  There is no error here.

Plaintiff also argues that the ALJ's other reason for discounting Dr. Mika's opinion – that "it is consistent with the record as a whole which shows only mild to moderate degenerative

disease of the cervical spine with intact sensation and moderate pain" – is not a good reason because the record and the ALJ's decision show that Plaintiff suffers from more than mild to moderate degenerative disc disease and moderate pain – she also suffers from severe impairments of fibromyalgia and migraines.  (Docket no. 18 at 15-19.)  A plain reading of Dr. Mika's opinion, however, indicates that it is based on Plaintiff's diagnosis of "cervical disc radiculopathy."  (*See* TR 377.)  It was therefore both logical and reasonable for the ALJ to discount Dr. Mika's opinion on the basis that it was inconsistent with only the record evidence regarding Plaintiff's cervical spine.  The ALJ's reasoning in this regard constitutes a good reason under the regulations, as it is sufficiently specific to make clear to any subsequent reviewers the weight that he gave to Dr. Mika's medical opinion, especially when read in conjunction with the ALJ's summary of the record evidence concerning Plaintiff's cervical spine.  (*See* TR 18.)  For these reasons, Plaintiff's Motion for Summary Judgment concerning the ALJ's assessment of Dr. Mika's opinion should be denied.

Plaintiff seemingly makes some ancillary arguments in this portion of her brief, which the undersigned will now address.  In one of those arguments, Plaintiff contends that the ALJ's analysis of the third-party function report authored by her husband, Shawn Thrushman, is not a complete analysis or a fully accurate analysis.  (Docket no. 18 at 17-18.)  With regard to Mr. Thrushman's report, the ALJ stated:

> Shawn Thrushman, the claimant's husband, also opined as to the claimant's functional abilities.  Specifically, he indicated that the claimant has difficulty lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, climbing stairs, and completing tasks.  (3E, p.6).  I give this opinion moderate weight, as it does show the claimant has some difficulties; however, it does not support a finding of disability.

(TR 20.)

Pursuant to 20 C.F.R. § 404.1513, an ALJ "'may . . . use evidence from other sources,'" such as Mr. Thrushman, "but there is no requirement that the ALJ do anything more than consider the other source evidence." *Mullins v. Comm'r of Soc. Sec.*, No. 2:14-CV-13288, 2015 WL 3441163, at *13 (E.D. Mich. May 28, 2015) (quoting 20 C.F.R. § 404.1513)); *see also* SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). This means that the ALJ was not required to conduct a detailed, written analysis of Mr. Thrushman's report, nor was he required to give it any deference. Here, it is clear that the ALJ complied with his obligation to consider Mr. Thrushman's report, which is all that he was required to do.

Plaintiff does correctly point out that the ALJ mischaracterized Mr. Thrushman's report when he discounted Plaintiff's credibility partially on the basis that she was able to feed, water, and walk the family pets. (Docket no. 18 at 18; TR 19.) In fact, Mr. Thrushman reported that he was the one who walked their pets because Plaintiff was no longer able to walk them. (TR 185.) Nevertheless, this error, standing alone, does not warrant remand. Plaintiff's Motion should therefore be denied with regard the ALJ's analysis of Mr. Thrushman's report.

Next, Plaintiff argues that the ALJ failed to properly factor her fibromyalgia or migraines into his analysis. (Docket no. 18 at 19.) It is unclear whether Plaintiff is referring to the ALJ's analysis of Dr. Mika's opinion (which has been addressed above) or to the ALJ's analysis of Plaintiff's RFC. To the extent that Plaintiff refers to the latter, the ALJ explicitly stated in his RFC assessment that he "limited the claimant's postural activities due to her purported pain and other effects of her migraines, Graves' disease, and fibromyalgia." (TR 19.) Plaintiff fails to develop any argument regarding why the ALJ's accounting for her fibromyalgia in this regard was improper, and she has therefore waived this issue.[1] With regard to her migraines, Plaintiff

---

[1] "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the

argues that the postural limitations assessed by the ALJ do not adequately account for the incapacitating effect and duration of her migraines, which occur about four times per month and last about two days. Plaintiff, however, does not indicate what additional limitations the ALJ should have assessed to accommodate for her migraines. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003) (noting that the plaintiff bears the burden of proving the existence and severity of limitations caused by his impairments through step four of the sequential evaluation process); *see also, Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). Plaintiff has not met her burden here, and her argument therefore fails in this regard.

Plaintiff also argues that the ALJ erred by crediting the opinion of the state-agency medical consultant, Russell E. Holmes, M.D.,[2] over Dr. Mika's opinion, because Dr. Holmes never examined Plaintiff and because Dr. Mika's opinion, which Plaintiff classifies as the most significant evidence in this matter, was not part of the record evidence at the time Dr. Holmes rendered his opinion. (Docket no. 18 at 19-20.) Generally, the opinion of a treating source is entitled to greater weight than the opinion of a non-examining source. 20 C.F.R. § 404.1527(c). Nevertheless, the Sixth Circuit has held that "[a]n administrative law judge may give more weight to the opinions of examining or consultative sources where the treating physician's opinion is not well-supported by the objective medical records." *Dyer v. Soc. Sec. Admin.*, 568 F. App'x 422, 428 (6th Cir. 2014) (citing *Gayheart* at 379–80). As discussed above, the ALJ's decision to discount Dr. Mika's opinion on the basis that it is inconsistent with the record evidence, among other things, is supported by substantial evidence. Accordingly, the ALJ did not err in adopting the opinion of Dr. Holmes in this matter.

---

court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citation and internal quotation marks omitted).
[2] The ALJ gave Dr. Holmes's opinion great weight on the basis that it is consistent with the medical evidence. (TR 19.)

2.      *The ALJ's Assessment of Plaintiff's Sitting and Standing Limitations*

As noted above, the ALJ determined that during the insured period, Plaintiff "could have sat for six hours, alternating to standing for three to five minutes after every 60 minutes of sitting," and "[s]he could have stood or walked for six hours, alternating to sitting for three to five minutes after every 30 to 45 minutes of standing or walking." (TR 17.) Plaintiff argues that the sitting and standing limitations assessed by the ALJ do not comport with any medical opinion in the record, which therefore demonstrates that the ALJ "played doctor" when he created those limitations "out of whole cloth." (Docket no. 18 at 21-22 (quoting *Mason v. Comm'r of Soc. Sec.*, No. 1:07-cv-51, 2008 WL 1733181, at *13 (S.D. Ohio Apr. 14, 2008) ("The ALJ must not substitute his own judgment for a doctor's conclusion without relying on other medical evidence or authority in the record.").) Plaintiff seemingly believes that the ALJ's RFC assessment must mirror the RFC assessment of an acceptable medical source in order for it to be supported by substantial evidence. Such a belief is contrary to the Social Security Act's rules and regulations, as well as Sixth Circuit precedent.

The RFC assessment is the Commissioner's ultimate finding about the claimant's ability to perform work-related activities. Social Security Ruling (SSR) 96-5p, 1996 WL 374183, at *5 (July 2, 1996). It is defined as the most, not the least, the claimant can do despite his impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ derives the RFC after considering the medical and other relevant evidence in the record. *Id.* "An ALJ does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010). The ALJ may adopt an opinion of a medical or non-medical source in whole or in part if he finds that it is supported by and not inconsistent with the other substantial evidence of record. But "[a]n

ALJ has no obligation to conform his RFC finding to a physician's RFC assessment; as the Sixth Circuit has repeatedly noted, such a requirement 'would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.'" *Wagner v. Comm'r of Soc. Sec.*, No. 15-11553, 2016 WL 1729553, at *12 (E.D. Mich. Mar. 22, 2016), *report and recommendation adopted,* No. 15-11553, 2016 WL 1721049 (E.D. Mich. Apr. 29, 2016) (quoting *Rudd v. Comm'r of Soc. Sec.,* 531 F. Appx 719, 728 (6th Cir. 2013) (quoting SSR 96–5p, 1996 WL 374183 (July 2, 1996))).  Essentially, at all times the ultimate responsibility for fashioning the RFC rests with the ALJ, who has an obligation to determine the RFC based on the evidence he finds credible.

Here, as Defendant points out and as discussed above, the ALJ appropriately relied on Dr. Holmes's medical opinion in assessing Plaintiff's RFC, and Dr. Holmes opined that Plaintiff had the physical RFC to perform light work without a sit/stand option.  (*See* docket no. 20 at 17 (citing TR 71-73).)  Additionally, the ALJ explicitly credited Plaintiff's subjective complaints by incorporating the need for "frequent position changes" into Plaintiff's RFC "due to her pain." (TR 19.)  The ALJ also seemingly credited Dr. Mika's opinion with regard to Plaintiff's sitting and standing limitations, as the ALJ's opinion that Plaintiff needed to change position after 60 minutes of sitting and 30 minutes of standing is consistent with Dr. Mika's opinion that Plaintiff needed a sit/stand option and that she could sit for only sixty minutes at a time and stand for only 30 minutes at a time.  (*Compare* TR 17 *with* TR 377.)  Presumably, Plaintiff does not object to the ALJ giving partial credit to her subjective complaints and Dr. Mika's opinion or to the ALJ's determination that she has less physical residual functional capacity than that assessed by Dr. Holmes.  In accordance with the regulations, the ALJ weighed the medical and non-medical

evidence in conjunction with Plaintiff's subjective complaints and developed a physical RFC based on the evidence that he found to be consistent and credible. Accordingly, Plaintiff's Motion for Summary Judgment should be denied.

## VI.     CONCLUSION

For the reasons stated herein, the court should **DENY** Plaintiff's Motion for Summary Judgment (docket no. 18) and **GRANT** Defendant's Motion for Summary Judgment (docket no. 20).

## <u>REVIEW OF REPORT AND RECOMMENDATION</u>

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court.  The response shall address

specifically, and in the same order raised, each issue contained within the objections.


Dated:  February 17, 2018          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

    I hereby certify that a copy of this Report and Recommendation was served upon counsel
of record on this date.

Dated:  February 17, 2018          s/ Leanne Hosking
                                   Case Manager