UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AMANDA L. THRUSHMAN,

        Plaintiff,                                  Case. No. 17-cv-10292

v.                                              Honorable Thomas L. Ludington
                                                    Mag. Judge Mona K. Majzoub

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE REPORT
AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND AFFIRMING THE DECISION OF THE COMMISSIONER**

      Plaintiff Amanda L. Thrushman (Plaintiff) applied for disability benefits on May 13, 2014 alleging disabilities beginning March 1, 2012. Her application was initially denied on September 4, 2014. Plaintiff requested a hearing before an Administrative Law Judge (ALJ). The hearing was held on December 3, 2015, after which the ALJ determined that Plaintiff was not disabled. The Appeals Council denied review. Plaintiff sought review in this Court on January 30, 2017. The case was referred to Magistrate Judge Mona K. Majzoub. The parties filed cross motions for summary judgment. Judge Majzoub issued a report recommending that the Court grant Defendant's motion and deny Plaintiff's motion. Plaintiff filed timely objections to Judge Majzoub's report and recommendation.

**I.**

      Judge Majzoub reviewed Plaintiff's factual summary (ECF No. 18 at 6-12) as well as the ALJ's factual summary (TR. at 18–20, 21). She determined that both summaries were consistent with the evidentiary record and therefore incorporated both by reference. Rep. & Rec. at 2. As

neither party has objected to those factual summaries, they will be incorporated by reference herein as well. Notably, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act and that Plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability. TR. at 15. The ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the cervical spine, fibromyalgia, Grave's disease/hyperthyroidism, and migraine headaches. *Id*. The ALJ ultimately determined that Plaintiff was unable to perform past relevant work under 20 CFR 404.1565, but that she had the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b). *Id.* at 17–20.

## II.

### A.

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

Under the Social Security Act ("The Act"), a claimant is entitled to disability benefits if he can demonstrate that he is in fact disabled. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Disability is defined by the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 416.05. A

plaintiff carries the burden of establishing that he meets this definition. 42 U.S.C. §§ 423(d)(5)(A); *see also Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454, 459 (6th Cir. 2012).

Corresponding federal regulations outline a five-step sequential process to determine whether an individual qualifies as disabled:

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment. Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled.

*Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 719 (6th Cir. 2012) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)). Through Step Four, the plaintiff bears the burden of proving the existence and severity of limitations caused by his impairments and the fact that he is precluded from performing his past relevant work. At Step Five, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

**B.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review

requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

### III.

Plaintiff raises two objections to Judge Majzoub's report and recommendation, which will be addressed in turn.

### A.

First, Plaintiff contends Judge Majzoub "failed to fully analyze the error inherent in the ALJ's weighing of the opinions of plaintiff's treating physician, Dr. Mika." Obj. at 2, ECF No.

22. Specifically, Plaintiff notes that the ALJ observed: "Dr. Mika, D.O., one of claimant's treating doctors, opined that the claimant could perform work at a less than sedentary exertional level requiring frequent position changes, and missing two to three days of work per month due to her impairments (9F)." *Id.* at 2–3 (citing TR. at 19–20). As Plaintiff notes, the ALJ discounted Dr. Mika's opinions: "I give this opinion little weight, as the opinion is not consistent with the record as a whole which shows only mild to moderate disc disease of the cervical spine with intact sensation and moderate pain. Further, Dr. Mika lacks Social Security Administration disability program knowledge." *Id.* (citing TR. 19–20). Plaintiff contends that these reasons the ALJ offered for discounting Dr. Mika's opinion "are *not* good reasons." (emphasis in original).

Plaintiff contends (as she did in her motion for summary judgment) that "Dr. Mika's lack of program knowledge was irrelevant because any such knowledge or lack of knowledge on the doctor's part would not impact upon his establishment of plaintiff's limitations, which were based upon the doctor's examinations and test findings, not legal principles." *Id.* at 3. Plaintiff contends that Judge Majzoub erred in that she glossed over the ALJ's error. Specifically, after summarizing Plaintiff's argument, Judge Majzoub stated as follows:

> Plaintiff is correct in this regard. Nevertheless, as Plaintiff concedes, Dr. Mika's knowledge of the SSA's disability program, or lack thereof, is indeed relevant to Dr. Mika's conclusion that Plaintiff has been continuously disabled since January 2, 2014. This is because the issue of whether a claimant meets the statutory definition of disability is a medical-vocational determination reserved for the Commissioner; it is not a determination that a treating physician is qualified to make. 20 C.F.R. § 404.1527(d); *Kidd v. Comm'r of Soc. Sec.*, 283 F. App'x 336, 340-41 (6th Cir. 2008); SSR 96-5p, 1996 WL 374183 (July 2, 1996). Accordingly, Dr. Mika's lack of knowledge of the SSA's disability program is certainly a good reason to discount Dr. Mika's opinion that Plaintiff is disabled. There is no error here.

*Id.* at 3–4 (citing R&R at 9). Plaintiff contends that Judge Majzoub did not properly distinguish between discounting Dr. Mika's opinion concerning *specific limitations* and

discounting Dr. Mika's opinion *concerning whether Plaintiff was continuously disabled*. *Id.* In other words, even if it was not properly within Dr. Mika's purview to opine on whether Plaintiff was continuously disabled (a finding reserved from the commissioner), it was well within Dr. Mika's purview to express an opinion concerning the existence of specific limitations, which is precisely what Dr. Mika did. Plaintiff contends that the ALJ improperly relied on Dr. Mika's "lack of Social Security Administration disability program knowledge" to discount Dr. Mika's opinion concerning the existence of specific limitations.

Notably, however, Plaintiff omits the remainder of the ALJ's quote which provided context regarding which opinions he was discounting and the reasons why. He not only referred to Dr. Mika's opinion concerning specific limitations, but also to Dr. Mika's opinion concerning continuing disability:

> David Mika, D.O., one of the claimant's treating doctors, opined that the claimant could perform work at a less than sedentary exertional level requiring frequent position changes, and missing two to three days of work per month due to her impairments. (9F). *The doctor further opined that the claimant has been continuously disabled since January 2, 2014*. (13F). I give this opinion little weight, as the opinion is not consistent with the record as a whole which shows only mild to moderate degenerative disc disease of the cervical spine with intact sensation and moderate pain. Further, Dr. Mika lacks Social Security Administration disability program knowledge.

TR. at 19–20. (emphasis added). Thus, the ALJ discounted *both* opinions rendered by Dr. Mika, namely the specific limitations and the finding of continuous disability. The ALJ gave two reasons for discounting those opinions, namely inconsistency with the record, and lack of program knowledge. Granted, the ALJ did not specify which reason mapped onto which opinion, or if both reasons motivated his decision for rejecting both opinions. However, as Plaintiff points out, lack of program knowledge is logically more related to the doctor's opinion concerning whether Plaintiff was continuously disabled, a finding that is reserved for the commissioner. 20

C.F.R. § 404.1527(d); *Kidd v. Comm'r of Soc. Sec.*, 283 F. App'x 336, 340–41 (6th Cir. 2008); SSR 96-5p, 1996 WL 374183 (July 2, 1996). Inconsistency with other substantial evidence in the record, on the other hand, is a reason for discounting the doctor's opinion concerning specific limitations. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Indeed, inconsistency with other substantial evidence is one of the few reasons not to give complete deference to a treating physician's opinion. *Id.* Thus, irrespective of the propriety of considering lack of program knowledge, inconsistency with other substantial evidence in the record is a sufficient, independent reason for discounting the doctor's opinion concerning specific limitations.

Indeed, Judge Majzoub identified that inconsistency as a basis for sustaining the ALJ's conclusions, finding them supported by substantial evidence:

> Plaintiff also argues that the ALJ's other reason for discounting Dr. Mika's opinion – that "it is [not] consistent with the record as a whole which shows only mild to moderate degenerative disease of the cervical spine with intact sensation and moderate pain" – is not a good reason because the record and the ALJ's decision show that Plaintiff suffers from more than mild to moderate degenerative disc disease and moderate pain – she also suffers from severe impairments of fibromyalgia and migraines. (Docket no. 18 at 15-19.) A plain reading of Dr. Mika's opinion, however, indicates that it is based on Plaintiff's diagnosis of "cervical disc radiculopathy." (See TR 377.) It was therefore both logical and reasonable for the ALJ to discount Dr. Mika's opinion on the basis that it was inconsistent with only the record evidence regarding Plaintiff's cervical spine. The ALJ's reasoning in this regard constitutes a good reason under the regulations, as it is sufficiently specific to make clear to any subsequent reviewers the weight that he gave to Dr. Mika's medical opinion, especially when read in conjunction with the ALJ's summary of the record evidence concerning Plaintiff's cervical spine. (See TR 18.) For these reasons, Plaintiff's Motion for Summary Judgment concerning the ALJ's assessment of Dr. Mika's opinion should be denied

R&R at 10.

Plaintiff argues that it should not be assumed that the ALJ would have reached the same conclusion concerning Dr. Mika's opinion on specific limitations had he not considered Dr. Mika's lack of program knowledge. This argument is unpersuasive for two reasons. First, a

natural reading of the ALJ's opinion undermines Plaintiff's argument. The ALJ identified two opinions of Dr. Mika that the ALJ discounted, followed by two reasons for discounting those opinions. It is reasonable to assume that the first reason mapped onto the first opinion and the second reason mapped onto the second opinion. In other words, it appears that lack of program knowledge was *not* a basis for discounting Dr. Mika's opinion concerning specific limitations. Second, it is reasonable to assume that the ALJ would have reached the same conclusion regarding the weight of Dr. Mika's opinion on specific limitations had he only relied on the inconsistency with the evidentiary record. In fact, there are few reasons not to accord controlling weight to a treating physician's opinion concerning specific limitations. Inconsistency with the evidentiary record is one such reason, whereas "lack of program knowledge" is not. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Accordingly, Plaintiff's first objection will be overruled.

**B.**

Plaintiff's second objection asserts that Judge Majzoub "failed to fully analyze the impact of plaintiff's migraines." Obj. at 5. For clarity, the entirety of Plaintiff's second objection reads as follows:

> Plaintiff argued in her motion that the ALJ did not sufficiently deal with the effect of her migraines, imposing only "postural" limitations that restrict physical activities. Plaintiff noted that "the biggest issue with a migraine is its incapacitating effect and duration. In that regard, plaintiff testified that her migraines occurred about four times a month, and tended to last two days." Pl's Brf., at 17. To this, the Magistrate wrote, "Plaintiff, however, does not indicate what additional limitations the ALJ should have assessed to accommodate for her migraines" (R&R 12). This completely misses the point. If plaintiff would miss up to eight days a month (four migraines at two days each), she could not work regardless of the limitations imposed. The vocational expert testified that more than one absence from work per month would be work-preclusive (Tr. 60-61).

Obj. at 5. Asserting that Judge Majzoub "completely misses the point" is not a particularly thorough effort to identify the aspects of Judge Majzoub's opinion that Plaintiff is objecting to

and specify the errors contained therein, as Plaintiff is required to do under the Magistrate's Act. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Plaintiff's objection is meritless for several reasons. Plaintiff identifies no evidence in the record to support the notion that the number of migraine days per month (four migraines at two days each = eight migraine days) necessarily equates to the number of days she would be unable to perform any work. Without any evidence of such a limitation in the evidentiary record, it is unsurprising that the ALJ did not find that such a limitation existed.

The only evidence Plaintiff does identify in the record is the vocational expert's testimony that more than one absence from work per month would be work-preclusive. Obj. at 5 (citing TR. 60–61). Plaintiff cites to this testimony with no discussion of the impact it had (or should have had) on the ALJ's findings or Judge Majzoub's findings. With regard to her migraines, Judge Majzoub pointed out that Plaintiff did not identify what additional limitations the ALJ should have imposed. Plaintiff seems to imply that the ALJ should have determined that her migraines rendered her entirely incapacitated for eight days per month. Again, she cites to no medical evidence in the record supporting that limitation. Notwithstanding the frequency and length of her migraines, Dr. Holmes' opined that that Plaintiff was able to perform a modified range of light exertional work. TR. at 19. Judge Majzoub also found that a substantial evidentiary basis existed to support the ALJ's finding that Dr. Holmes opinion was entitled to more weight than Dr. Mika's opinion, where the latter was inconsistent with the evidentiary record. Plaintiff's unadorned citation to the vocational expert's testimony is simply non-responsive to the ALJ's opinion and to Judge Majzoub's opinion. Indeed, in her motion for summary judgment, Plaintiff did not identify the vocational expert's testimony as a basis to undermine the ALJ's conclusions

concerning the limitations imposed by her migraines. Thus, the Court will not consider its effect on the analysis. *See United States v. King*, 248 F. Supp. 3d 1062, 1066 (D.N.M. 2017) (quoting *Marshall v. Chater*, 75 F.3d. 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.")).

## IV.

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF No. 22, are **OVERRULED**.

It is further **ORDERED** that Judge Majzoub's report and recommendation, ECF No. 21, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's motion for summary judgment, ECF No. 18, is **DENIED.**

It is further **ORDERED** that Defendant's motion for summary judgment, ECF No. 20, is **GRANTED.**

It is further **ORDERED** that the Commissioner of Social Security's decision is **AFFIRMED.**

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 29, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 29, 2018.

s/Kelly Winslow  
KELLY WINSLOW, Case Manager